SMITH v. PORTER, Price Administrator.

No. 11414.

Circuit Court of Appeals, Ninth Circuit.

Nov. 25, 1946.

Rehearing Denied Dec. 30, 1946.

Hile, Hoof & Shucklin, of Seattle, Wash., for appellant.

George Moncharsh, Deputy Adm'r for Enforcement, David London, Director, Lit. Div., Albert M. Dreyer, and Nathan Siegel and Albert J. Rosenthal, Attys. OPA, all of Washington, D. C., and William B. Wetherall, Reg. Lit. Atty., OPA, of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Charles L. Smith, doing business as the Dungeness Company, appeals from an order directing him to produce at his office and there make available to the Price Administrator records and documents pertaining to the business of his company.

June 17, 1946, a subpena duces tecum, signed by the District Director of the Office of Price Administration at Seattle, was served on appellant requiring him to produce the documents "for inspection and copying by Ralph Owen or E. V. Patterson." The subpena designated "all of the financial accounting, cost and other records, including but not limited to" cer-

tain records and documents specifically described. On appellant's refusal to comply, the Administrator petitioned the court for an order compelling compliance in conformity with the provisions of § 202(e) and 205(a) of the Price Control Act, 50 U.S. C.A.Appendix, §§ 922(e), 925(a).

The petition alleged that Smith and one Fleming were partners under the firm name of Dungeness Company; alleged, on information and belief, that the company was engaged in the business of selling canned seafood, the ceiling prices of which had been fixed by regulations issued pursuant to the provisions of the Price Control Act. It alleged that the Administrator deemed an investigation to be necessary to assist in the administration and enforcement of the act, and to ascertain whether the Dungeness Company had complied with the provisions thereof and the regulations; that in conducting such an investigation it was thought essential to obtain information from the records and documents kept by the company in the regular course of its business, which information could most efficiently be obtained by an audit, and that a subpena, copy of which was attached, had been served on Smith as managing partner and that Smith contumaciously refused to obey it. There were further allegations, on information and belief, to the effect that all the documents described in the subpena are relevant and material to the investigation, and that enforcement of the act and the regulations in this instance depends upon the ability of the Administrator to place the company in the proper category of seller under the regulations, and that all of the records and documents mentioned in the subpena must be made available to the Administrator and his employees in order to make that determination. Accompanying the petition was an affidavit of an investigator employed in the district office.

The petition was filed June 21, 1946. Three days later appellant appeared voluntarily and interposed three motions and an affidavit. The appearance was attempted to be made specially for the purpose of the motions only. One motion asked that the petition be dismissed because appellant had not been served with process in connection with the filing thereof. The other two sought a dismissal on the grounds that the subpena duces tecum theretofore served was invalid, that the court lacked jurisdiction over the subject matter, and that the petition failed to state a claim upon which relief can be granted. The affidavit of Smith, filed with these motions, stated that he is the sole owner of the Dungeness Company and is doing business as a sole trader under that name; that the company is not a corporation; that affiant has the custody and control of its books and records; that the subpena served on him was not signed by the Administrator of the Office of Price Administration, and that affiant's refusal to honor it was not contumacious, but was impelled by his belief that the subpena is invalid.

The court on August 5 entered the order appealed from, requiring Smith or the Dungeness Company to make available to "the Administrator and his duly authorized employees the following documents and records pertaining to the business of the Dungeness Company." As in the subpoena, the things enumerated were the articles of partnership, bank statements and cancelled checks from January 1, 1943, copies of federal income tax returns for 1943, 1944, and 1945, general accounts, physical inventories for the years named, general ledger accounts and financial statements for those years together with copies of contracts in effect during that period, correspondence files, copies of sales invoices, bills of lading or other shipping papers, and all vouchers or purchase invoices. In conjunction with the entry of the order the court denied appellant's motions above described.

■ Appellant claims that the denial of his motion to dismiss grounded on the fact that he had not been served with process was error. We disagree. Process would presumably have been issued and served in due course had not appellant's voluntary appearance rendered that procedure unnecessary; and in the absence of service his rights were nowise in jeopardy. Mere lack of service of process afforded no ground for the motion to dismiss.

The other questions argued on the appeal grow out of appellant's motions for dismissal for lack of jurisdiction over the subject matter and for failure of the petition to state a claim upon which relief can be granted. Appellant's main thesis in these respects is that the subpena power is not delegable by the Administrator, hence the subpena served was void. The contrary is the law of this circuit. Porter v. Gantner & Mattern Co., 9 Cir., 156 F.2d 886.

Other complaints directed to the subpena are that it was in terms not limited to the records and papers enumerated, and that the persons Owen and Patterson named in the subpena were not declared to be agents of the Administrator. For all he knew, appellant says, the two men might have been his competitors. However, he could readily have asked for their credentials; and in any case the order appealed from requires only that he make the records of his business available to the Administrator and his duly authorized employees. As to the other point, likewise, the order under review confines the requirement of production to those records and papers specifically enumerated. Hagen v. Porter, 9 Cir., 156 F.2d 362.

No point is made as to the materiality of any particular document called for in the subpena. Indeed appellant disclaims any thought of particularizing in this respect. According to his brief, it is his "general position that none of the records need be produced because both the subpena and the court's order are unlawful and void." Considering the enumerated papers as a whole they appear to us probably relevant to an investigation to be conducted under the Price Control Act. Cf. Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494; Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L. Ed. 500. And the allegations of the petition are confirmatory of this view.

Appellant complains that the court made no findings and pursued no inquiry into the facts other than as they appeared from the petition and affidavits. We do not understand that in a summary proceeding of this nature findings are required. As to the proof, appellant does not assert that he has any facts other than those stated in his affidavit that would militate against the validity of the order appealed from. Nor does he claim that the nature of his business renders him immune from the provisions of the Price Control Act. He appears to have been content to rest his defense on his affidavit and his several motions attacking the sufficiency of the petition.

Affirmed.