**PROVENZANO v. PORTER, Price Administrator.**

No. 11294.

Circuit Court of Appeals, Ninth Circuit.

Dec. 3, 1946.

Rehearing Denied Jan. 2, 1947.

As Amended Jan. 21, 1947.

Writ of Certiorari Denied May 5, 1947.

See 67 S.Ct. 1303.

48

Morse and Graves and George Rudiak, all of Las Vegas, Nev., for appellant.

George Moncharsh, Deputy Administrator for Enforcement, OPA, David London, Director, Litigation Division, Albert M. Dreyer, Chief, Appellate Branch, Jacob W. Rosenthal, Atty., OPA, all of Washington, D. C., and William B. Wetherall, Regional Lit. Atty., OPA, of San Francisco, Cal., for appellee.

Before DENMAN, HEALY, and ORR, Circuit Judges.

HEALY, Circuit Judge.

Appellant is sole proprietor of the O. K. Plumbing Company which does business in Las Vegas, Nevada. In February 1946 employees of the Office of Price Administration attempted to inspect his business records and were refused access to them. Thereafter a subpoena duces tecum was issued over the signature of the district director of the Office of Price Administration at Reno commanding appellant to appear at its local office in Las Vegas to testify concerning his methods of arriving at cost and selling price for sales made and service rendered during the year 1945 and the month of January 1946 and to produce employees' individual time-cards and pay-roll records, sales and general ledgers, and other records, indicative of his methods of arriving at such cost and selling price for the period mentioned. Appellant declined to testify or to produce the records.

The Administrator, pursuant to § 202(c) of the Price Control Act, 50 U.S.C.A.Appendix, § 922(c), thereupon petitioned the court for an order compelling obedience. After a hearing the court ordered the production of the records and data called for in the subpoena. The case is here on appeal from this order.

 Appellant's primary contentions need not detain us. He argues (1) that the subpoena power is not delegable by the Price Administrator, and (2) that an administrative subpoena may not be issued or enforced under the provisions of the Price Control Act without a showing of probable cause to believe that the act has been or is being violated. As to the first of these contentions, this court has held the contrary in Porter v. Gantner & Mattern Co., 9 Cir., 156 F.2d 886, and Smith v. Porter, 9 Cir., 158 F.2d 372. The second point is fully met by the decisions in Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, Hagen v. Porter, 9 Cir., 156 F.2d 362, and Bowles v. Glick Bros. Lbr. Co., 9 Cir., 146 F.2d 566.

 It is claimed that the investigation amounts to a fishing expedition into appellant's general affairs, including even his private papers and effects. We think not. The subpoena was directed to Provenzano, "doing business as, and sole proprietor of O. K. Plumbing Company, 205 South First Street, Las Vegas, Nevada." The records and data called for are of the character ordinarily thought relevant and material to an investigation conducted under the Price Control Act. Their probable materiality in such an inquiry appears both on the face of the subpoena and from the allegations of the petition. We are told, however, that the O. K. Plumbing Company makes sales and renders services of a type other than those pertaining to its plumbing business, and it is complained that the Administrator failed to indicate which type of business he proposes to investigate. We think the subpoena is sufficiently plain. It is broad enough to cover the records bearing upon the several types of business

said to be engaged in by the company, and it is not denied that all these activities are subject to price control. In the course of his administration of the act the Administrator is empowered to conduct investigations for the purpose of placing dealers in commodities and services in their proper category under the regulations;[1] and it is plain that the records ordered produced in this instance are relevant to a lawful inquiry.

■ Appellant insists that Maximum Price Regulation No. 251,[2] dealing specifically with construction services, is the sole regulation applicable to his business. He contends, therefore, that he can not be compelled to produce any records other than those *required to be kept under the regulation* named. The petition of the Administrator mentions as applicable RMPR No. 165,[3] this being the regulation which deals with services generally. Appellant says RM PR 165 does not cover his activities. We do not, however, stop to inquire which regulation may be applicable to his business or whether, as seems probable, both of them apply. One of the objects of the administrative subpoena, as the petition here indicates, is to elicit information on that very point. Oklahoma Press Pub. Co. v. Walling, supra; Endicott-Johnson Corporation v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424.

Affirmed.

## On Petition for Rehearing.

### PER CURIAM.

■ Appellant in his petition for rehearing raises a question of jurisdiction which we are required to consider, though not presented heretofore.

Appellant contends that the President's Executive Order No. 9801 of November 9, 1946, as follows:

"All controls heretofore in effect stabilizing wages and salaries pursuant to the provisions of the Stabilization Act of 1942, as amended, including any Executive order or regulation issued thereunder, are hereby terminated; except that as to offenses committed, or rights or liabilities incurred, prior to the date hereof, the provisions of such Executive orders and regulations shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."

and the Price Administrator's Supplementary Order No. 193 of November 19, 1946, as follows:

"Sec. 4. Elimination of certain reporting requirements. All requirements in any regulation or orders that a seller or buyer of a commodity or service report to the Office of Price Administration the price he is *presently charging or paying for a commodity* or service which has been exempted from price control, are hereby revoked.

"This amendment is effective immediately.

"Issued this 19th day of November, 1946." (Emphasis supplied)

deprived this court of jurisdiction to proceed further in his appeal.

■ We do not agree. The President's order of November 9, 1946, affects only the Stabilization Act of October 2, 1942, 50 U.S.C.A.Appendix, § 961 et seq. The appellee was proceeding against appellant under the Emergency Price Control Act of January 30, 1942, 56 Stat. 23, which as amended June 30, 1945, 50 U.S.C.A.Appendix, § 901(b), provides:

"* * * that as to offenses committed, or rights or liabilities incurred, prior to such termination date, [June 30, 1946,] the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."

■ We construe the order of November 19, 1946, to apply to the question of prices a person "is presently charging or paying" not to prices he had charged in the past when the price regulation may have been violated.

The petition for rehearing is denied.

---

[1] Consult § 202(a) and (b) of the act.
[2] 9 F.R. 10200.

[3] 9 F.R. 7439.